IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARSHALL SPIEGEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **IAN BRENSON and LEO FOX,** | ) |
| , | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, MARSHALL SPIEGEL, by and through his attorney, Mark T. Lavery, brings this Complaint against Defendants, IAN BRENSON for violation of the Fair Debt Collection Practices Act and wrongful garnishment and against LEO FOX for wrongful garnishment.

*Parties*

1. Plaintiff, Marshall Spiegel, is a consumer residing in this district.

2. Defendant, Ian Brenson, is a lawyer and is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") and is located in this district. Leo Fox is a purported judgment creditor who claims a consumer debt allegedly owed by Plaintiff.

*Jurisdiction and Venue*

3. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FDCPA, 15 U.S.C. § 1692 and there is supplemental jurisdiction over state law claims.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

*Factual Allegations*

5. Ian Brenson is a lawyer that collects debts.

6. On January 5, 2009, Defendant Fox, by and through Defendant Brenson, as attorney debt collector, instituted a garnishment proceeding.

7. On January 26, 2009, Plaintiff, through counsel Daniel Meenan, filed an appearance to object to the garnishment proceeding.

8. The garnishment was dismissed by the Court on January 28, 2009.

## COUNT I

### Wrongful garnishment against Defendants

9. The quashing of a garnishment establishes that such procedure was wrongful under Illinois law.

10. On November 19, 2009, the Court dismissed Defendants' garnishment proceeding.

11. Defendants procured a garnishment proceeding but did not prevail on either the grounds for the garnishment, the quashing of the garnishment conclusively establishes that the garnishment was wrongful.

12. Defendants caused damages to Plaintiff, including damages for attorney's fees and litigation costs.

WHEREFORE, Plaintiff, asks that the Court enter judgment in his favor and against Defendants, Ian Brenson and Leo Fox, as follows:

    (A)    Actual damages;

    (B)    Punitive Damages;

    (C)    Any other relief that this Court deems appropriate and just under the circumstances.

### *Violation of Fair Debt Collections Practices Act*

13.    Plaintiff realleges and incorporates paragraphs 1-12 into this count.

14.    Defendant engaged in conduct the natural consequence of which was to harass, abuse and oppress Plaintiff.

15.    Defendant prosecuted a wrongful garnishment that exposed Plaintiff to restraint on his property and resulted in unnecessary litigation expenses.

16.    This conduct violates 15 U.S.C. 1692d.

17.    During the garnishment process, Defendant misrepresented the amount and character of the debt in violation of 15 U.S.C. 1692e.

18.    Defendant also violated 15 U.S.C. 1692f when he unfairly prosecuted the wrongful garnishment.

WHEREFORE, Plaintiff, Marshall Spiegel, asks that the Court enter judgment in his favor and against Defendant, Ian Brenson, as follows:

    (A)    The maximum amount of damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (B)    Declaratory and corresponding injunctive relief;

    (C)    Reasonable attorney's fees and costs; and

    (D)    Any other relief that this Court deems appropriate and just under the circumstances.

          Respectfully Submitted,
          Plaintiff Marshall Spiegel

          _/s/_ Mark T. Lavery_____
          By His Attorney

Mark T. Lavery
733 Lee, Suite 150
Des Plaines, IL 60016
(847) 813-7771